UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KAMALA PRASAI,

        Plaintiff,

  -against-

INTERNATIONAL NEPALI LITERARY
SOCIETY; BIMAL NEPAL; HOM NATH
SUBEDI; GITA KHATRI; and PADAM
BISHWOKARMA,

        Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 25 2014 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

14-cv-4440 (ENV) (LB)

VITALIANO, D.J.,

  On July 21, 2014, *pro se* plaintiff Kamala Prasai filed this action against the International Nepali Literary Society ("INLS") and four of its officers, alleging diversity jurisdiction and claiming intentional infliction of emotional distress, defamation, and fraud. From the complaint's rambling prose, it can be discerned that Prasai wished to run for a seat on INLS's executive board, but defendants rejected her candidacy. In barring her run, she claims defendants accused her of having stolen the organization's money. At the heart of the controversy are plaintiff's allegations that INLS's president, defendant Gina Khatri, attempted to blackmail her not only to withdraw her candidacy, but also to throw her support to another candidate, Khatri's husband, who was seeking a spot as an officer of the organization. All of this, she says, caused her emotional and reputational injury. On these pleadings, Prasai's application to proceed *in forma pauperis* is granted, but, for the reasons that follow, her complaint is dismissed.

1

## Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, as Prasai does, a court must regard plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

It is well settled that 28 U.S.C. § 1332 "requires complete diversity between all plaintiffs and all defendants." *Cushing v. Moore*, 970 F.2d 1103, 1006 (2d Cir. 1992). A court must dismiss a case *sua sponte* when it finds subject matter jurisdiction lacking. *See Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53,

58 (2d Cir. 1997). In this case, Prasai and Khatri are both citizens of New York, and, since plaintiff and at least one defendant are citizens of the same state, there is a lack of complete diversity. As a consequence, and because plaintiff pleads only state law causes of action, the Court lacks subject matter jurisdiction to hear this case.

Plaintiff cannot cure this defect by amending her complaint to drop Khatri as a defendant, because it is clear that she is an indispensable party to this action. The flexible standard of Federal Rule of Civil Procedure 19(b) offers the following four factors for a court to consider in determining whether a party may be dispensed with: (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action; (2) the extent to which any prejudice could be alleviated; (3) whether a judgment in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit. *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009); Fed. R. Civ. P. 19(b); *see also Wheeler v. Citigroup*, 938 F. Supp. 2d 466, 473 (S.D.N.Y. 2013) (indispensability of a party is question at district court's discretion). The conclusion is obvious. Certainly, Prasai's allegations against Khatri are central to the complaint, her alleged conduct impugns her co-defendants, and adequacy and efficiency are unquestionably served by resolving the controversy in one action. *See 2 Montauk Highway LLC v. Global Partners LP*, 296 F.R.D. 94, 102 (E.D.N.Y. 2013) (where "additional litigation is inevitable" without joinder, judgment without defendant is inadequate); *Freedom, N.Y., Inc. v. United States*, No. 86-civ-1363, 1986 WL 6163, at **1–2 (S.D.N.Y. 1986) (crucial facts in complaint concerning defendant

3

favor finding defendant indispensable). Clearly, the remedy plaintiff seeks may be properly afforded to her in state court. Thus, the Court concludes that Khatri is indispensable to the resolution of plaintiff's case, and, therefore, any attempt to amend the complaint to omit her as a party, so as to confer diversity jurisdiction upon the Court, would be futile.

## Conclusion

For the foregoing reasons, pursuant to 28 U.S.C. §§ 1332 and 1915, plaintiff's complaint is dismissed in its entirety. Prasai, of course, is granted leave to re-file any claims she seeks to pursue in a state court of appropriate jurisdiction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 15, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge